Ruffin, Judge,
 

 after stating the case as above, proceeded as follows : The cause comes on now upon the matter referred by the master to the decision of the court, and for further directions. It has been argued at large for the plaintiffs upon the evidence, and the rule of this court touching the dealings between parents and children, and settlements between guardian and ward.
 

 The court would examine the case upon those points, both as to the facts and the law, were the cause open for a decision in favor of the plaintiffs, on the score of that settlement being unduly obtained. But it is not. The acts of the parties in making the special reference preclude us from going into that subject.
 

 It is manifest that the grounds of the two kinds of relief sought are entirely different, as the two kinds of relief are in themselves distinct. The one is, to open a settled account on the score of specific errors — a relief to which all persons, in every relation of life, are entitled, and which depends merely upon showing errors made either thro’ fraud and imposition, or by mistake or accident. The settlement stands as right, except as
 
 to the
 
 pai’ticular errors pointed out, and having their origin in either of those causes. There is no accident alleged in this case. So far as this point is concerned, the question turns upon the false charges fraudulently made by the administrators, and the fraudulent omission of interest, But there, can be no fraud, in the sense of that term applicable to this subject, nor mistake where the parties knew all their rights, and all the facts, and were perfectly aware of the omission, and gave an express assent to it. "When they come to surcharge and falsify, how cun they do it as to an item absolutely agreed to at the settlement?
 
 *97
 
 But the other relief prayed is much broader. It is to set aside the whole settlement, and open the case to an account
 
 de novo,
 
 not only upon the ground that errors exist, and
 
 the
 
 party is deprived of rights, hut upon the additional ground of a higher and different species of fraud ; that the party was in a situation which put him in the other’s power ; that he was in a condition to be worked upon, and induced to take less than ho was entitled to, and knew he was entitled to, and that advantage was taken of that influence, and he unduly prevailed on to surrender his rights without a consideration. Then the knowledge of his rights does not negative the fraud. It only proves it the clearer; because it shows the extent of his weakness, and of the other’s control over him, and the iniquitous use made of it. A settlement made under those circumstances concludes nothing, and receipts in full given under it only stand as acquittances for the sums actually paid. Far otherwise is it on a bill to surcharge and falsify. There the receipts do stand as conclusive until errors are pointed out, and the account is opened only as to them. And those errors mustbeshown not to have been known and assented to at the settlement, or some concealment on the one part, or misapprehension of
 
 the facts touching the item of account,
 
 on the other.
 

 Here the item of interest was known, discussed and given up by the children. They knew of their right, and they knew they were not to get it in that settlement. How then can it be said, there was any mistake or imposition upon the point of excluding the charge of it ? Whether they were fairly induced to relinquish it is another question. But that question is beyond our reach
 
 ;
 
 because the plaintiffs have agreed to overrule that part of fho relief prayed, by having the accounts taken on the basis of the former account — thereby trusting the decir sion of their ability to show actual mistakes, thro’ ignor ranee, or accident,or fraudulent misrepresentation,or concealment. None such have been made to
 
 appear;
 
 and therefore the bill must be dismissed with costs.
 

 Per Curiam. — Birr dismissed.